11-1406-cv
Adamczyk v. N.Y. State Dep't of Corr. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:

> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

MARK ADAMCZYK,
> *Plaintiff-Appellant*,

-v-                                                            No. 11-1406-cv

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES,
> *Defendant-Appellee*.

---

> RICHARD H. WYSSLING, Law Office of Richard H. Wyssling, Buffalo, New York, for *Plaintiff-Appellant.*
>
> LAURA ETLINGER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, for *Defendant-Appellee*.

Appeal from the United States District Court for the Western District of New York (Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 15, 2011 is AFFIRMED.

Plaintiff-Appellant Mark Adamczyk ("Appellant") appeals from the District Court's grant of summary judgment pursuant to Fed. R. Civ. P. 56 and subsequent dismissal of his case. Appellant contends principally that the District Court erred in ruling that he failed to raise a genuine issue of material fact as to his claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*,[1] against the Department of Correctional Services of the State of New York ("DOCS").[2] We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

In 2005, Appellant was employed by DOCS at the Wende Correctional Facility ("Wende") as a corrections lieutenant. On September 22, 2005, an incident occurred at Wende, in the course of which an inmate sustained serious injuries during an altercation with one or more corrections officers. Appellant was the "evening watch commander" at the time this incident occurred, meaning he was the highest ranking officer on duty at Wende after the facility's administrative officers left

---

[1] Appellant's complaint also included a claim under the New York State Human Rights Law, N.Y. Exec. L. art. 15, but on appeal he argues only his Title VII claim. In any event, "[t]he standards for liability under [the New York State Human Rights Law are] the same as those under the equivalent federal antidiscrimination laws." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 99 (2d Cir. 2006).

[2] Subsequent to the events giving rise to this litigation, DOCS merged with the Division of Parole to form the Department of Corrections and Community Supervision. We use the agency's former name here.

for the day. The facility's superintendent, Anthony Zon ("Zon"), brought the incident to the attention of DOCS's Inspector General; an investigation ensued, which resulted in a conclusion by an Assistant Deputy Inspector General that Appellant had violated an order of his superior and also made false statements. Peter B. Brown, DOCS's Director of Labor Relations, issued Appellant a "Notice of Discipline" on October 14, 2005, indicating that Appellant was to be dismissed from service in fourteen days unless Appellant filed a grievance. Appellant filed a grievance pursuant to the collective bargaining agreement ("CBA") in effect between his union and DOCS, and the case was referred to an arbitrator. After two days of hearings and receipt of transcripts and live testimony, the arbitrator found in favor of DOCS and determined that Appellant's dismissal was the appropriate penalty. DOCS subsequently terminated Appellant. Appellant, who is Caucasian, alleges that his termination was motivated by racial animus, pointing especially to 1) evidence suggesting that Appellant's supervisor, Captain Martin Kearney ("Kearney"), allegedly has made racially charged comments and has been known to favor African-American employees over Caucasian employees in the past, and 2) the fact that two other officers, both of whom are African-American, involved in the September 22 incident were not terminated.

We review a district court's grant of summary judgment *de novo*, with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The moving party is entitled to summary judgment where "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a

3

verdict in his or her favor on" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010). We may affirm on any ground supported by the record. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

Under the familiar framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Appellant first bears the burden of making out a *prima facie* case of race-based discrimination against DOCS. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). "If he does so, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's dismissal." *Id.* If the employer successfully carries this burden of production, "the pattern of presumptions and burden shifts established by *McDonnell Douglas* . . . drops away, and the question in adjudicating the defendants' motion for summary judgment becomes simply whether the evidence in plaintiff's favor, when viewed in the light most favorable to the plaintiff, is sufficient to sustain a reasonable finding that [his] dismissal was motivated at least in part by [race] discrimination." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 114 (2d Cir. 2007).

We assume *arguendo* that Appellant has made out a *prima facie* case of discrimination on the basis of race, and Appellant concedes that DOCS has "present[ed] evidence in support of its claim that the adverse employment actions [at issue] did not result from a discriminatory motive." App. Br. at 12. Specifically, DOCS has put forward evidence indicating that Appellant was terminated only after an independent investigation by the Office of the Inspector General, a decision by the Bureau of Labor Relations, and proceedings before a neutral arbitrator. The question thus becomes whether, despite this assertedly non-discriminatory explanation, Appellant has adduced evidence sufficient to permit a reasonable juror to find that racial animus was a motivating factor in his termination.

4

We have held that "a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link" between "his termination [and] motives of . . . discrimination." *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002). "Where . . . that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact–e.g.[,] new evidence not before the tribunal–or that the impartiality of the proceeding was somehow compromised." *Id.* The undisputed evidence in this case indicates that Appellant was accorded a hearing before an arbitrator involving live testimony and the submission of transcripts of past testimony. However, among the evidence considered was the testimony of Kearney, on which the arbitrator relied in concluding that Appellant was guilty of the charges made against him. Under the Supreme Court's recent teaching in *Staub v. Proctor Hosp.*, 131 S. Ct. 1186 (2011), it can be argued that if Kearney's testimony was "motivated by [discriminatory] animus that is intended by [him] to cause an adverse employment action, and if that [testimony] is a proximate cause of the ultimate employment action," then DOCS may be liable, notwithstanding the fact that the ultimate decision was made by an arbitrator against whom Appellant has not raised any allegations of racial animus. *Id.* at 1194 (emphasis omitted) (footnote omitted).

We conclude that, notwithstanding *Staub*, Appellant's case fails because he has not adduced evidence sufficient to allow a reasonable juror to conclude that Kearney's testimony was motivated by discriminatory animus "intended . . . to cause an adverse employment action." *Id.* (emphasis omitted). Appellant has produced evidence that, if believed, would allow a jury to conclude that Kearney uttered two statements suggesting he may harbor, or may at some point have harbored,

5

some sense of racial grievance. However, one of these statements was made near the beginning of Kearney's tenure at Wende, which began in 1999, and neither statement was made to Appellant or in the context of the decisionmaking process that resulted in Appellant's termination. The probative value of such statements is thus limited, even drawing all inferences in Appellant's favor. *See, e.g.*, *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 150-51 (2d Cir. 2010). Appellant has also submitted affidavits from several witnesses that purport to describe Kearney's favorable treatment of African-American employees. Missing from these affidavits, however, are facts detailing a single incident in which Kearney treated an African-American employee favorably *and* treated a similarly-situated employee of another race unfavorably. Therefore, Appellant's evidence fails to support the conclusion that Kearney's favorable treatment of the employees in question was motivated by race, as opposed to any of the myriad other motivations that prompt supervisors to treat employees leniently. Furthermore, there is no evidence that Kearney instigated the disciplinary inquiry, and even if a reasonable factfinder could conclude that his testimony against Adamczyk was false, he had ample non-racial motivation to testify as he did, in order to insulate himself from blame for the inmate's injuries and to shift responsibility onto his subordinates, including Appellant. Thus, Appellant has failed to produce evidence that would permit a reasonable juror to find that Kearney harbored racial animus and that such animus was a motivating factor in an alleged decision on his part to give false testimony.

Appellant also argues that the fact that two African-American corrections officers involved in the September 22 incident were not terminated after their proceedings before a different arbitrator indicates that Appellant's termination was racially motivated. We have held that "[a] showing that similarly situated employees belonging to a different racial group received more favorable treatment

6

[than the plaintiff] can . . . serve as evidence that the employer's proffered legitimate, non-discriminatory reason for the adverse job action was a pretext for racial discrimination." *Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000). However, Appellant has failed to adduce evidence to enable a reasonable juror to find that he and the officers in question were similarly situated. Specifically, while Appellant had previously received three notices of discipline–a factor that loomed large in the arbitrator's unfavorable decision–no evidence has been submitted that either of the other two officers involved had ever received a notice of discipline.[3] Moreover, the Appellant and the two officers were charged with different forms of misconduct, and the different results in their cases were determined by different arbitrators. Appellant, who was higher-ranking than the two other officers, was charged with insubordination for violating a direct order from Kearney that the inmate was not to be allowed out of his cell, while the two officers were charged with using excessive force against the inmate.[4] The arbitrator in Appellant's case determined that Appellant had been insubordinate, crediting Kearney's testimony that the order was given over Appellant's testimony that it was not. By contrast, the other arbitrator found that Kearney's order was "unclear," and further concluded that the two officers' testimony that the inmate initiated the physical altercation was more credible than the inmate's testimony that they used excessive force against him. Appellant presents no evidence suggesting that Kearney's alleged racial animus caused the two arbitrators to take differing views of his order. He has thus failed to show that he was similarly situated to the two officers who faced different charges in their arbitration proceedings. *See*

[3] Rather, the evidence submitted indicates that one of the officers had been disciplined on a single occasion for leaving his post. The record is devoid of evidence that the other officer involved in the September 22 incident had ever been the subject of disciplinary proceedings.

[4] Both Appellant and the other two officers were also charged with giving false testimony.

7

*Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) ("To be 'similarly situated,' the individuals with whom [Appellant] attempts to compare h[im]self must be similarly situated in all material respects.").

To the extent Appellant raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk